IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:17-CR-153

**STUART AARON BURGESS,**

**Defendant.**

## MEMORANDUM OPINION

On December 18, 2017, the parties appeared before the Court for a hearing to reconsider whether Stuart Aaron Burgess ("Defendant") should be released pending trial pursuant to 18 U.S.C. § 3145(a). For the reasons stated herein, the Court **FOUND** that certain conditions will reasonably assure the safety of the community and the Defendant's appearance at trial and thus **REINSTATED** the release order entered on December 8, 2017, ECF No. 10, with one additional condition of release imposed, as set forth below.

### I. PROCEDURAL HISTORY

On November 1, 2017, a federal grand jury sitting in Norfolk named Defendant in a five-count criminal indictment charging him four counts of Receipt of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) (Counts 1–4), and one count of Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 5). ECF No. 1. On December 4, 2017, Defendant made his initial appearance in this Court, and Magistrate Judge Lawrence R. Leonard entered a temporary order of detention. ECF No. 5.

On December 6, 2017, Defendant appeared before Magistrate Judge Douglas E. Miller for a detention hearing. ECF No. 8. Judge Miller ultimately denied the Government's motion

1

for pretrial detention and ordered Defendant's release on a $5,000 unsecured bond with several conditions, including travel restrictions, electronic monitoring, and appointment of a third-party custodian. See Order Setting Conditions of Release ("Release Order"), ECF No. 10.

On December 8, 2017, Defendant executed the $5,000 unsecured bond, which was signed by the third-party custodian, and Defendant was released from custody. See ECF No. 11. On that same day, the Government filed an Emergency Motion for Stay of Release Order ("Motion to Stay") and Revocation of Release Order ("Motion to Revoke") pursuant to 18 U.S.C. § 3145. ECF No. 9. However, by the time such motion was before the Court for disposition, Defendant had already been released.

On December 11, 2017, the Court granted the Government's Emergency Motion to Revoke Defendant's Release Order but directed the Clerk to set a hearing to "reconsider whether there are any conditions on which the Defendant can be released." ECF No. 12. Such hearing was set for December 18, 2017. See ECF No. 13. On December 15, 2017, Defendant filed a response in opposition to the Government's Motion to Revoke Release Order ("Resp."). ECF No. 18. On December 18, 2017, the parties appeared before the Court for a hearing to reconsider whether Defendant should be released pending trial under certain conditions.

## II. APPLICABLE LAW

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141 et seq., permits a district court to review a magistrate judge's release order on motion by the government. 18 U.S.C. § 3145(a). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 Fed. App'x 46, 48 (4th Cir. 2001) (emphasis added). "However, the district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original

2

detention hearing and any additional evidence proffered by counsel." United States v. Boyd, 484 F. Supp. 2d 486, 487 (E.D. Va. 2007) (internal citations omitted).

Where, as here, the defendant has been charged with a crime that involves a minor victim, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of any other person and the community. 18 U.S.C. § 3142(e)(3)(E). The defendant may rebut that presumption by coming forward with evidence to suggest that the presumption is unwarranted in his particular case. See United States v. Boyd, 484 F. Supp. 2d. 486, 488 (E.D. Va. 2007). If the defendant presents such evidence, the burden shifts back to the government to (1) prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at trial or to (2) prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. See 18 U.S.C. § 3142(e)–(f); see also United States v. Mallory, No. 1:17-CR-154, 2017 WL 3284890, at *6 (E.D. Va. July 7, 2017) (reciting the Government's different burdens of proof with respect to dangerousness and risk of flight).

The Act provides several factors for the Court to consider when determining whether the Government has met its burden. 18 U.S.C. § 3142(g). These factors include:

> (1) the nature and circumstance of the offense charged, including whether the offense . . . involves a minor victim . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> > (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense

3

under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g).

If the Court ultimately finds that certain conditions will reasonably assure the appearance of the Defendant and the safety of the community such that Defendant can be released pending trial, the Act mandates that certain minimum conditions be imposed for cases involving a minor victim. Id. § 3142(c)(1)(B). Such conditions include: (1) submit to electronic monitoring; (2) abide by specified restrictions on personal associations, place of abode, or travel; (3) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; (4) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; (5) comply with a specified curfew; and (6) refrain from possessing a firearm, destructive device, or other dangerous weapon. Id. (citing id. § 3142(c)(1)(B)(iv)–(viii)).

### III. ANALYSIS

In this case, the Government argued that Defendant has failed to overcome the rebuttable presumption that he should be detained pending trial pursuant to 18 U.S.C. § 3142(e)(3)(E) and that Defendant poses both a risk of flight and a danger to the community. However, the Court ultimately **FOUND** that the Defendant rebutted the statutory presumption and that the Government failed to meet its burden to prove that no combination of conditions will reasonably assure Defendant's appearance at trial and the safety of others and the community. The Court's findings and reasoning are discussed below.

#### A. DEFENDANT HAS REBUTTED THE STATUTORY PRESUMPTION

As a threshold matter, the Court found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) applied to Defendant. However, Defendant presented sufficient evidence to

4

show that such presumption is unwarranted in his particular case.

First, Defendant's criminal record check revealed no criminal history prior to the instant offense except for a misdemeanor possession of drug paraphernalia. The defense further proffered that Defendant has no prior incidents or allegations of sexual misconduct or contact offenses against children, which the Government did not refute.

Second, Defendant (age 42) has resided in the Hampton Roads area his entire life except for two years he spent in Ohio. The defense also presented evidence of a suitable third-party custodian, Ms. Keira Yaccarino, who is discussed in greater detail below. Ms. Yaccarino is an upstanding citizen and resident of Virginia Beach, who can provide Defendant with a stable residence and employment during his period of release.

Third, when Defendant was released from December 8 to December 11, 2017, he fully complied with the terms and conditions of the Release Order and immediately secured employment. When the Court revoked such Release Order on December 11, 2017, Defendant promptly turned himself in to the authorities without incident.

Based on the above, the Court **FOUND** that the presumption under 18 U.S.C. § 3142(e)(3)(E) is rebutted in this case, and thus the burden shifted back to the Government to prove that detention is warranted.

### B. THE § 3142(G) FACTORS AS APPLIED TO DEFENDANT

#### 1. Nature and Circumstances of the Offense Charged

Defendant's charges are undoubtedly serious. He is charged with four counts of Receipt of Images of Minors Engaging in Sexually Explicit Conduct and one count of Possession of Images of Minors Engaging in Sexually Explicit Conduct, ECF No. 1, and he faces a mandatory minimum of five years in prison. See 18 U.S.C. § 2255(b)(1). Based on the Government's proffer during the December 6, 2017 detention hearing, such images include prepubescent

minors engaging in sexually explicit conduct as well as the sadistic and masochistic abuse of children. ECF No. 14, Hr'g Tr. 5:1–3. The Government further proffered during the December 18, 2017 hearing that over 10,000 images of child pornography have been recovered from Defendant's computer media. In sum, the nature and circumstances of the offense charged weigh in favor of pretrial detention.

### 2. Weight of the Evidence against Defendant

The weight of the evidence against Defendant appears to be strong. According to the Government's proffer during the December 6, 2017 hearing, the Virginia Beach Police Department discovered an IP address from a residence in Virginia Beach sharing files containing child pornography via peer-to-peer software on March 1 and 6, 2017. ECF No. 14, Hr'g Tr. 4:3–10. When a search warrant of such residence was executed, Defendant admitted to law enforcement officers that he lived at such residence, that he owned a computer that was located in the residence, and that he used peer-to-peer software on his computer. Id. At the December 18, 2017 hearing, the Government acknowledged that Defendant was not the owner of the residence and that he resided there with two other individuals, both of whom owned computers. However, the Government further proffered that the Defendant admitted to law enforcement agents that he owned a Samsung computer; the computer containing the contraband at issue was a Samsung; and such computer was discovered among Defendant's possessions next to where he slept. The Court notes that Defendant partially refuted this account, claiming that he admitted to law enforcement officers that he owned a computer but did not identify any particular computer. Regardless, the Court finds that the weight of the evidence against Defendant is strong.

### 3. History and Characteristics of the Defendant

The history and characteristics of Defendant are mixed but ultimately weigh in favor of pretrial release with several conditions. First, Defendant's ties to the area are strong. According

6

to the uncontested portions of his pretrial services report, Defendant is 42 years old, was born in Norfolk, Virginia, and was raised in Virginia Beach. He has lived in the Hampton Roads area for his entire life except for a two-year period when he lived in Ohio. He also has relatives in the nearby cities of Windsor and Suffolk.

However, Defendant's life is relatively unstable. At the time of his arrest, he was unemployed and living on a third party's couch. Defendant also has a troubling mental health history, including a suicide attempt in 2008. Moreover, Defendant reported to pretrial services that he struggled with depression and anxiety after his arrest for the underlying charges.

Despite these concerns, the defense presented compelling evidence that Defendant's friend, Ms. Keira Yaccarino, is a willing and suitable third-party custodian for Defendant. Ms. Yaccarino lives in Virginia Beach, has been friends with Defendant for over twenty years, has owned a landscaping business for ten years, has employed Defendant in the past, and can provide steady employment for Defendant during his period of release. Furthermore, during the two-and-half days that Defendant was released from custody between December 8 and December 11, 2017, Defendant fully complied with his conditions of release and began working for Ms. Yaccarino right away. The Government did not dispute any of these facts.

Nevertheless, the Government insisted that Defendant is a flight risk because he fled to North Carolina after the Virginia Beach Police Department executed the search warrant of his residence in May 2017. Defendant was then reportedly deemed a "fugitive" by authorities in North Carolina and subjected to a Governor's Warrant for extradition, which was not resolved until October 3, 2017, nearly five months after Defendant was arrested.[1]

While the circumstances of Defendant's arrest in North Carolina and his five-month extradition process are clearly problematic, there were insufficient facts before the Court to find

---

[1] Defendant denied that he ever resisted arrest or extradition. He also believes that he was mislabeled a "fugitive" due to false information provided by the Virginia Beach Police Department.

that Defendant attempted to evade police, fight extradition, or otherwise flee from prosecution. The undisputed record in this case shows that Defendant's arrest warrant issued on May 18, 2017, <u>after</u> Defendant traveled to North Carolina. He was then arrested on May 28, 2017, without incident. Moreover, during the December 18, 2017 hearing, the Government advised the Court that it was unable to obtain any court records from Surry County, North Carolina to show that Defendant fought extradition. Nor does the Defendant's criminal history contain any incidents of fleeing prosecution, failing to appear, or otherwise obstructing justice. Therefore, the Government failed to prove that Defendant is a flight risk.

### 4. Danger to the Community

Finally, the Court considered the Defendant's risk of dangerousness to others and to the community. As noted above, Defendant's criminal record check reveals only one misdemeanor conviction and contains no history of violence, sexual abuse, or contact offenses against children. Nor was any evidence of such conduct presented to the Court.

However, in its Motion to Revoke, the Government claims that, sometime after the entry of Defendant's Release Order, the forensic review of Defendant's devices uncovered "additional disturbing images," including "non-contraband, homemade images of a girl [who] appears to be approximately 5 years old," which had been photoshopped onto images of naked children being sexually abused. ECF No. 9 at 2. At the December 18, 2017 hearing, the Government proffered that the identity of the girl and her relation to Defendant are still unknown but are currently being investigated.

The Court found that, without more evidence with respect to the girl depicted in Defendant's homemade images, it is not clear from such images that Defendant poses a heightened risk to any certain individual or to the community at large. However, Defendant's possession of such images certainly raises concerns with respect to his potential history of

unknown contact offenses and/or his risk of committing contact offenses in the future. Therefore, the Court found that Defendant's pretrial release order should include the condition that Defendant submit to a polygraph examination to determine if Defendant has committed any contact offenses in the past.

## IV. CONCLUSION

In sum, based on the evidence before the Court and upon consideration of the § 3142(g) factors, the Court **FOUND** that Defendant should be released pending trial under certain conditions, which will reasonably assure his appearance at future court proceedings as well as the safety of others and the community. It was therefore **ORDERED** that:

Defendant's Release Order, which was entered on December 8, 2017, ECF No. 10, shall be **REINSTATED**, with all terms and conditions therein having full force and effect, with the following **ADDITIONAL CONDITION IMPOSED**: Defendant shall submit, at a time and place arranged by the Government, to a polygraph examination for the purpose of determining if Defendant has committed any contact offenses or other sexual misconduct in the past.

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 19, 2017